**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE and CASUALTY COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:08-CV-312-PPS-PRC |
| DONALD E. NOKES, JR., et al., Defendants. | ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) State Farm Fire and Casualty Company's Motion for Protective Order [DE 58], filed by Plaintiff on September 1, 2009; (2) State Farm Fire and Casualty Company's Amended Motion for Protective Order and Request for Fees [DE 63], filed by Plaintiff on September 4, 2009; and a (3) Motion to Compel Answers to Interrogatories and Award Fees [DE 65], filed by Defendants Donald E. Nokes, Jr. and Patricia Ann Nokes ("the Nokes Defendants") on September 9, 2009.

On October 24, 2008, Plaintiff filed a Complaint for Declaratory Judgment, related to an underlying negligence suit arising from the molestation of a child in the Nokes Defendants' custody. Plaintiff filed an Amended Complaint for Declaratory Judgment on January 14, 2009. Plaintiff seeks a declaratory judgment that there is no coverage under the Nokes Defendants' insurance policy for the claims, resulting bodily injury, and any liability of the Nokes Defendants related to the underlying suit. Further, Plaintiff requests that the Court declare that Plaintiff has no duty under the Nokes Defendants' insurance policy to either defend or indemnify the Nokes Defendants in any claim or lawsuit that may be pending related to the alleged molestation in the underlying suit.

On January 23, 2009, the Nokes Defendants filed an Answer to Amended Complaint, alleging that Plaintiff is estopped from asserting the claims in its Amended Complaint and has waived any rights to deny coverage to the Nokes Defendants.

In the instant Motion to Compel, the Nokes Defendants represent that in a previous lawsuit filed in the Starke Circuit Court, alleging that a previous foster child molested another child in the Nokes Defendants' care, Plaintiff informed the Nokes Defendants that their insurance policy covered the claims and Plaintiff settled the lawsuit.

Plaintiff filed a Motion for Summary Judgment on July 15, 2009. In response, the Nokes Defendants submitted Interrogatories to the Plaintiff, requesting information as to the reasons why the Nokes Defendants were covered by their insurance policy in the previous molestation suit, but not the instant suit. Plaintiff objected to the Interrogatories on the basis that they were not reasonably calculated to lead to the discovery of admissible evidence, and two of the Interrogatories called for information protected by the work product doctrine.

As a result of Plaintiff's objections, the Nokes Defendants filed a Motion to Compel on September 2, 2009, refiled in its entirety on September 9, 2009. In the Motion to Compel, the Nokes Defendants request that the Court compel Plaintiff to answer the Interrogatories and award fees incurred in filing the Motion. In response, Plaintiff filed a Motion for Protective Order, and Amended Motion for Protective Order and Fees. In the Motion for Protective Order, Plaintiff requests that the Court issue an order forbidding discovery regarding the bases for Plaintiff's decision to provide or refuse insurance coverage in the previous molestation lawsuit or the instant suit. The Court addresses each, beginning with Plaintiff's request for a protective order.

## ANALYSIS

*1. Plaintiff's Request for a Protective Order*

Federal Rule of Civil Procedure 26(c)(1) provides that:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve

> the dispute without court action. The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). As Rule 26(c)(1) provides, only good cause is required in determining whether or not to issue a protective order. *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2002 WL 31155088, at *3 (N.D. Ill. Sept. 27, 2002). "The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Felling*, 211 F.R.D. at 554. The party seeking the protective order has the burden of showing that good cause exists for it. *Id.*

As a preliminary matter, Plaintiff's Motion for Protective Order and Amended Motion for Protective Order and Request for Fees are substantively the same except that the latter makes the additional request for fees under Rule 26(c)(3). Accordingly, the Court denies as moot the Motion for Protective Order.

In support of Plaintiff's Amended Motion for Protective Order and Request for Fees, Plaintiff fails to address whether good cause exists to issue a protective order. Rather, Plaintiff solely focuses on whether the Nokes Defendants' defense of estoppel applies to the instant situation where an insurance company does not assert a policy defense in one claim, but did so in a previous claim arising out of similar circumstances. Although the issue of whether Plaintiff is precluded from arguing that coverage does not exist in the instant litigation is relevant, the Court need not address the issue at this stage of the proceedings. The issue relevant to whether the Court should grant Plaintiff's request for a protective order is whether Plaintiff has established that good cause exists to do so, because Plaintiff, as the moving party, bears the burden of showing that good cause exists. "To establish good cause, a party must

submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Felling*, 211 F.R.D. at 554. Plaintiff has failed to carry its burden in the instant matter.

Plaintiff has failed to show that it will incur annoyance, embarrassment, oppression, or undue burden or expense by having to participate in discovery on the issues of the bases for Plaintiff's decision to provide insurance coverage in the previous suit and refusal to do so in the instant litigation. Plaintiff fails to allege any facts demonstrating that good cause exists to issue a protective order or that it will suffer any harm. Accordingly, the Court denies Plaintiff's Amended Motion for Protective Order and Request for Fees.[1]

*2. The Nokes Defendants' Motion to Compel*

The Nokes Defendants represent in the Motion to Compel that they submitted Interrogatories to Plaintiff that inquired into the reasons for Plaintiff's decision to provide payment under the Nokes Defendant's insurance policy in the previous molestation lawsuit but now deny coverage. In response to the Nokes Defendants' Interrogatories Nos. 1, 2, 3, 4, 5, and 12, Plaintiff refused to provide answers, instead objecting on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence (Interrogatories Nos. 1, 2, 3, 4, 5, and 12), there was no legal authority supporting that Plaintiff could not now assert a policy defense in the instant litigation, although it did not do so in the previous molestation lawsuit (Interrogatories Nos. 1, 2, 3, 4, 5, and 12), and the interrogatory called for mental impressions, conclusions, opinions, and/or legal theories concerning the litigation (Interrogatories Nos. 4, 5, and 12). The Nokes Defendants argue that the Interrogatories are relevant to Plaintiff's reasons for permitting coverage in the previous lawsuit but not the instant suit and the defense of estoppel. Accordingly, the Nokes Defendants request that the Court compel Plaintiff to answer the Interrogatories and award fees incurred in filing the instant Motion.

---

[1] Because the Court has denied Plaintiff's request for a protective order, its request for fees under Rule 26(c)(3) is also denied.

Plaintiff has not filed a response brief to the instant Motion and did not address these issues in its Amended Motion for Protective Order and Request for Fees. Accordingly, the Court will evaluate the instant Motion in light of the objections raised in Plaintiff's Answers to Defendants' Interrogatories.

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." *Whitlow v. Martin*, No. 04-CV-3211, 2009 WL 2241152, at *2 (C.D. Ill. July 22, 2009). Under Rule 33, parties may serve interrogatories inquiring into any matter that is within the scope of Rule 26(b). "A party may seek an order compelling disclosure when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses." *Id*.

Here, in response to the Nokes Defendants' Interrogatories Nos. 1, 2, 3, 4, 5, and 12, Plaintiff objected on the ground that the requests were not reasonably calculated to lead to the discovery of admissible evidence. *See* Pl.'s Answer to Defs.' Interrogs. Nos. 1-5, 12. The burden "rests upon the objecting party to show why a particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F.Supp.2d 660, 670 (N.D. Ind. 2008). Plaintiff must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). Aside from making the general objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff fails to provide reasons why. Plaintiff's burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *McGrath*, 625 F. Supp. 2d at 670.

Further, the Court finds that the information sought through the Interrogatories is relevant to the issues raised in this matter. Interrogatory No. 1 requests information as to why Plaintiff provided

5

coverage in the previous molestation lawsuit; Interrogatory No. 2 requests information as to the amount of the settlement paid by Plaintiff in the previous molestation lawsuit; Interrogatory No. 3 requests information as to whether Plaintiff contested coverage in the previous molestation lawsuit; Interrogatory Nos. 4 and 5 request information as to whether the injuries and damages in the previous molestation lawsuit were the same as alleged in the underlying suit; and Interrogatory No. 12 requests information as to why coverage existed in the previous molestation suit but not the underlying suit, all of which are relevant to the Nokes Defendants' estoppel defense.

Next, Plaintiff objects to the Interrogatories on the ground that "[t]here is no legal authority for the proposition that an insurer who does not assert policy defenses in one claim cannot subsequently assert those defenses in a subsequent claim arising out of similar factual circumstances." Pl.'s Answer to Defs.' Interrogs. Nos. 1-5, 12. This objection appears to go to the issue of whether the Nokes Defendants can properly invoke the defense of estoppel. As noted above, at this stage of the proceedings, the Court need not determine whether the defense of estoppel applies to the instant litigation. Further, Plaintiff has failed to show how this objection is a proper basis for refusing to answer the Interrogatories.

Finally, Plaintiff objects on the ground that Interrogatories 4, 5, and 12 call for mental impressions, conclusions, opinions, and/or legal theories concerning the litigation. The work product doctrine protects otherwise discoverable documents and tangibles, including an attorney's thoughts and mental impressions, made in anticipation of litigation. *U.S. ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378, 381 (N.D. Ill. 2005). Federal Rule of Civil Procedure 26(b)(3) provides, in part, that:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . [b]ut, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). Rule 26(b)(3) distinguishes between ordinary/fact work product and opinion work product. *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D. Ill. 2002). Fact work product consists of factual material while opinion work product consists of the mental impressions, conclusions, opinions, or legal theories of an attorney. *U.S. ex rel. Yannacopoulos*, 231 F.R.D. at 382. Here, Plaintiff invokes the opinion work product doctrine. "Factual information may not be withheld under the work product doctrine, but must be produced through interrogatories, depositions or other discovery." *Eagle Compressors Inc.*, 206 F.R.D. at 478. Further, the party invoking the work product privilege bears the burden of establishing that the privilege applies. *Miyano Machinery USA, Inc. v. MiyanoHitec Machinery, Inc.*, 257 F.R.D. 456, 460 (N.D. Ill. 2008).

Aside from making the general allegation that the Interrogatories request information covered by the work product privilege, Plaintiff has failed to provide the Court with sufficient detail to allow the Court to determine if this privilege applies to the requested information. Further, the Interrogatories appear to request factual information, rather than opinions, mental impressions, conclusions, or legal theories concerning the litigation. As previously discussed in this Opinion and Order, Interrogatory No. 4 and No. 5 request information regarding whether the injuries and damages were the same as alleged in the instant matter. Further, Interrogatory No. 12 asks why coverage existed in the previous molestation suit but not in the suit underlying the instant matter. These requests solely request facts and "the privilege only extends to documents and tangible things, *not to underlying facts*." *Transcap Associates, Inc. v. Euler Hermes American Credit Indemnity Co.*, No. 08-C-723, 2009 WL 1543857, at *3 (N.D. Ill. June 3, 2009). Accordingly, Plaintiff cannot rely on the work product privilege to avoid responding to these Interrogatories.

The Nokes Defendants filed a Certification of Informal Conference to Settle Discovery Disputes,

as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1. Counsel for the Nokes Defendants represents that he conferred with counsel for Plaintiff via telephone on August 24, 2009, and that the parties were unable to resolve their discovery disputes.

Rule 37(a) of the Federal Rules of Civil Procedure, in part, provides:

> If the motion [to compel] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

Accordingly, the Court grants the Motion to Compel and grants the Nokes Defendants' request for fees.

## CONCLUSION

Having reviewed the instant Motions, the Court hereby (1) **DENIES AS MOOT** the State Farm Fire and Casualty Company's Motion for Protective Order [DE 58]; (2) **DENIES** the State Farm Fire and Casualty Company's Amended Motion for Protective Order and Request for Fees [DE 63];and (3) **GRANTS** the Motion to Compel Answers to Interrogatories and Award Fees [DE 65].

The Court **ORDERS** Plaintiff to respond and serve upon the Nokes Defendants its responses to their Interrogatories Nos. 1, 2, 3, 4, 5, and 12 by **October 16, 2009**.

The Court **GRANTS** the Nokes Defendants' request for reasonable expenses incurred in filing the Motion to Compel Answers to Interrogatories and Award Fees and **ORDERS** the Nokes Defendants to file an affidavit detailing their itemization of costs and fees related to the Motion.

SO ORDERED this 30th day of September, 2009.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record