**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| STATE FARM FIRE and ) | |
| CASUALTY COMPANY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:08-CV-312-PPS-PRC |
| ) | |
| DONALD E. NOKES, JR., et al., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on State Farm's Motion for Relief from Court's Order [DE 72], filed by Plaintiff on October 27, 2009. The Nokes Defendants filed a response brief on November 2, 2009. No reply brief has been filed and the time to do so has passed.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 30, 2009, the Court issued an Opinion and Order denying Plaintiff's Amended Motion for Protective Order and Request for Fees [DE 63], denying as moot Plaintiff's Motion for a Protective Order [DE 58], and granting the Nokes Defendants' Motion to Compel Answers to Interrogatories and Award Fees [DE 65].

As discussed in the September 30, 2009 Opinion and Order, on October 24, 2008, Plaintiff filed a Complaint for Declaratory Judgment, related to an underlying negligence suit arising from the molestation of a child in the Nokes Defendants' custody. Plaintiff provided insurance coverage to the Nokes Defendants during the time period related to the underlying suit. Plaintiff filed an Amended Complaint for Declaratory Judgment on January 14, 2009. Plaintiff seeks a declaratory judgment that there is no coverage under the Nokes Defendants' insurance policy for the claims, resulting bodily injury, and any liability of the Nokes Defendants related to the underlying suit. Further, Plaintiff requests that the Court declare that Plaintiff has no duty under the Nokes Defendants' insurance policy to either defend or indemnify the Nokes Defendants in any claim or lawsuit that may be pending related

to the alleged molestation in the underlying suit.

On January 23, 2009, the Nokes Defendants filed an Answer to Amended Complaint, alleging that Plaintiff is estopped from asserting the claims in its Amended Complaint and has waived any rights to deny coverage to the Nokes Defendants.

In the Motion to Compel, the Nokes Defendants represented that in a previous lawsuit filed in the Starke Circuit Court, alleging that a previous foster child molested another child in the Nokes Defendants' care, Plaintiff informed the Nokes Defendants that their insurance policy covered the claims and Plaintiff settled the lawsuit.

Plaintiff filed a Motion for Summary Judgment on July 15, 2009. In response, the Nokes Defendants submitted Interrogatories to the Plaintiff, requesting information as to the reasons why the Nokes Defendants were covered by their insurance policy in the previous molestation suit, but not the instant suit. Plaintiff objected to the Interrogatories on the basis that they were not reasonably calculated to lead to the discovery of admissible evidence, and two of the Interrogatories called for information protected by the work product doctrine.

As a result of Plaintiff's objections, the Nokes Defendants filed a Motion to Compel on September 2, 2009, refiled in its entirety on September 9, 2009. In the Motion to Compel, the Nokes Defendants requested that the Court compel Plaintiff to answer the Interrogatories and award fees incurred in filing the Motion. Plaintiff did not file a response brief to the Motion to compel, but did file a Motion for Protective Order, and Amended Motion for Protective Order and Fees. In the Motion for Protective Order, Plaintiff requested that the Court issue an order forbidding discovery regarding the bases for Plaintiff's decision to provide or refuse insurance coverage in the previous molestation lawsuit.

In its September 30, 2009 Opinion and Order, the Court denied Plaintiff's request for a protective order, finding that Plaintiff failed to show good cause for granting such an order. The Court granted the Nokes Defendants' Motion to Compel, finding that the information requested was relevant to the Nokes

2

Defendants' estoppel defense, and ordered Plaintiff to respond to the Nokes Defendants' Interrogatories Nos. 1, 2, 3, 4, 5, and 12 by October 16, 2009, and granted the Nokes Defendants' request for reasonable expenses incurred in filing the Motion to Compel.

In the instant Motion, Plaintiff asks the Court to reconsider its finding that the Nokes Defendants' discovery request was reasonably calculated to lead to the discovery of admissible evidence and reconsider the award of attorney's fees to the Nokes.

## ANALYSIS

As a preliminary matter, Plaintiff relies on Federal Rule of Civil Procedure 60[1] as the basis for requesting that the Court reconsider the September 30, 2009 Opinion and Order. However, Plaintiff's reliance on Rule 60 in this matter is improper as Rule 60 only applies to *final* orders. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (discussing that Rule 60(b) by its terms is limited to "final" judgments or orders and does not apply to interlocutory orders); Fed. R. Civ. P. 60, Advisory Committee Notes on 1946 Amendment to Subdivision (b) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Rather, reconsideration of an interlocutory order, such as the order at issue here, is a matter of a district court's inherent power and is committed to a court's sound discretion. *Cima v. Wellpoint Health Networks, Inc*., 250 F.R.D. 374, 386 (S.D. Ill. 2008). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting

---

[1] Plaintiff refers to "Trial Rule 60" as permitting a Court to relieve a party from part of an order for any reason that justifies relief. *See* Mot. at ¶ 12. The Court assumes that this is a typographical error and Plaintiff meant to refer to Federal Rule of Civil Procedure 60, which allows a court to "relieve a party or its legal representative from a *final* judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6) (emphasis added).

*Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)). Reconsideration of an interlocutory order may be granted where "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Id.* Motions for reconsideration cannot be employed to introduce new evidence that could have been adduced during the pendency of the underlying motion and "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Here, Plaintiff essentially argues that the Court misunderstood Plaintiff's objection to the requested discovery or made an error of apprehension. In particular, Plaintiff argues that the Court treated its contentions that the Nokes Defendants' discovery request was not reasonably calculated to lead to the discovery of admissible evidence and that there is no legal authority for the proposition that an insurer who does not assert a policy defense in one claim cannot do so in a subsequent claim arising out of similar factual circumstances as two separate objections when the latter was merely a clarification of why the request was not reasonably calculated to lead to the discovery of admissible evidence.

To the extent that the Court may have viewed Plaintiff's contentions as two separate objections, the Court nonetheless evaluated each contention and rejected it. In the Court's September 30, 2009 Opinion and Order, it determined that the information that the Nokes Defendants sought through their Interrogatories is relevant to the defense of estoppel. Further, the Court found that Plaintiff's contention that there is no legal authority supporting that an insurer who failed to assert a policy defense in one claim cannot do so in a subsequent claim arising out of similar factual circumstances goes to the issue of whether the defense of estoppel properly applies to this matter. The Court noted that at this stage of the proceedings, it did not need to determine whether the defense of estoppel applies to the instant

litigation and Plaintiff failed to show how this was a proper basis for refusing to answer the Nokes Defendants' Interrogatories. Accordingly, the Court addressed, and rejected, each part of the Plaintiff's objection.

Nonetheless, in the instant Motion, Plaintiff represents that it does not ask the Court to decide whether the estoppel defense applies at this stage of the proceedings, essentially representing that Plaintiff has failed to show the relevancy of the information requested, yet Plaintiff argues that the Nokes Defendants have failed to show how the estoppel defense applies here and essentially attacks the Nokes Defendants' reliance on this defense and on their coverage of the prior claim. First, Plaintiff argues that the Nokes Defendants have failed to explain how the estoppel defense applies in this case. However, in support of their Motion to Compel, the Nokes Defendants specifically argued that they relied upon Plaintiff's alleged representations of coverage in the underlying suit by maintaining insurance coverage with the Plaintiff. Next, Plaintiff argues that the Nokes Defendants have the burden of showing how the information sought is potentially relevant. However, when dealing with a discovery objection, as the Court did in the September 30, 2009 Opinion and Order when addressing the Motion to Compel, the burden "rests upon *the objecting party* to show why a particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008) (emphasis added). The Court already found that the Plaintiff failed to satisfy this burden.

Further, Plaintiff argues that the Nokes Defendants have failed to explain how they relied on Plaintiff's coverage of the prior claim and Plaintiff attempts to disprove reliance by the Nokes Defendants. However, Plaintiff rehashes arguments regarding the applicability of estoppel to this matter that the Court already rejected. In its September 30, 2009 Opinion and Order, the Court provided that at this stage of the proceedings the Court need not determine if the defense of estoppel applies, instead determining whether good cause existed to grant Plaintiff's requested protective order and if Plaintiff showed that the discovery request was improper. Here, Plaintiff seeks to have the Court re-evaluate this

5

issue when it already determined that it need not do so at this stage of the proceedings.

Further, Plaintiff raises the new argument that the actions underlying the previous suit and the instant suit occurred during the same time period and, thus, it was impossible for the Nokes Defendants to rely on Plaintiff's coverage of the previous suit. These are arguments that could have been made during the pendency of the Motion to Compel, yet Plaintiff failed to file a response brief, as noted in the September 30, 2009 Opinion and Order, and Plaintiff cannot now raise these arguments.[2] *Caisse Nationale*, 90 F3d at 1269-70.

Accordingly, Plaintiff's attempts to rehash arguments that were already rejected by this Court and new arguments that it previously could have raised are improper bases for reconsidering the Court's September 30, 2009 Opinion and Order. *See id.* Therefore, Plaintiff has failed to show manifest error of law or fact in the Court's granting of the Motion to Compel and finding that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Therefore, to this extent, the Court denies the instant Motion.

Finally, Plaintiff requests that the Court reconsider its award of attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).[3] In support of this request, Plaintiff correctly points out that the Court failed to specifically address whether Plaintiff's objections to the requested discovery were "substantially justified." While the Court found that the Nokes Defendants filed a Certification of Informal Conference to Settle Discovery Disputes, as required by Rule 37(a)(1) and Local Rule 37.1, the Court failed to make a specific finding as to whether Plaintiff's nondisclosure or objection was substantially justified. Plaintiff argues that because it is unclear how the defense of estoppel could apply to the facts of this case, its objection was substantially justified. However, this is an argument that could

---

[2] In presenting these new arguments, Plaintiff also improperly relies on evidence (exhibits attached to the Complaint and Motion to Compel) that was available during the pendency of the Motion to Compel.

[3] Plaintiff incorrectly refers to this rule as "Trial Rule 37(5)" but quotes the language of Rule 37(a)(5)(A).

6

have been raised during the pendency of the Motion to Compel. Instead, Plaintiff failed to respond to the Motion to Compel and filed its Motion for Protective Order, which failed to address the issue of whether the objections were substantially justified.

Further, as addressed in the September 30, 2009 Opinion and Order, aside from objecting to Interrogatories Nos. 1, 2, 3, 4, 5, and 12 on the basis that they were not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff objected to Interrogatories Nos. 4, 5, and 12 on the basis that the sought information was protected under the work product doctrine. However, the Court found that aside from generally invoking the work product doctrine, Plaintiff failed to provide the Court with sufficient detail to determine whether the privilege applies to the requested information while the Interrogatories solely requested facts, which are not protected by the work product doctrine. Accordingly, the Court found that Plaintiff could not rely on this doctrine to avoid responding to the Interrogatories.

Further, the Court determined, with regard to the request for a protective order, that Plaintiff failed to show good cause for issuing a protective order forbidding discovery as to the requested information.

Accordingly, as discussed in the September 30, 2009 Opinion and Order, Plaintiff has failed to show good cause for prohibiting discovery on the requested information, that the work product doctrine properly applies to this matter, and how a dispute as to whether estoppel applies to the instant litigation is a proper basis for refusing to answer the Interrogatories. Therefore, Plaintiff has failed to show that its objections were substantially justified. Accordingly, the Court denies the instant Motion as to reconsideration of the award of attorney's fees.

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **DENIES** State Farm's Motion for Relief from Court's Order [DE 72]. The Court **ORDERS** Plaintiff to respond and serve upon the Nokes

Defendants its responses to their Interrogatories Nos. 1, 2, 3, 4, 5, and 12 by **December 15, 2009**.

The Court further **ORDERS** Plaintiff to pay the Nokes Defendants' reasonable attorney's fees in the amount of $1,050.00, as provided in the Court's October 20, 2009 Order, by **December 31, 2009**.

SO ORDERED this 30th day of November, 2009.

      s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record