UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:08-CV-312 PPS ) |
| DONALD E. NOKES, JR., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff State Farm Fire and Casualty Company's Second Motion for Default Judgment. [DE 57.] State Farm initiated its action on October 24, 2008, seeking a declaratory judgment that it owes no duties or obligations to Donald Nokes, Jr., who is a State Farm policyholder and a defendant in a state court action. [DE 30 ¶ 15–16 (Am. Compl.).] In pursuit of its declaratory judgment, State Farm named as defendants all of the parties in that state court action. [DE 30 (Am. Compl).] Of the eleven parties that State Farm named as defendants in its declaratory judgment action, seven defendants failed to answer or otherwise respond. [DE 81 (Clerk's Entry of Default).] The Clerk of Court properly entered default against those defendants, and this Court may now enter default judgment. But because granting default judgment raises the possibility of inconsistent judgments, State Farm's motion for default judgment is **DENIED**.

## BACKGROUND

Sometime prior to this case, State Farm issued a personal liability insurance policy to Defendant Donald Nokes, Jr. [DE 30 ¶ 16 (Am. Compl.).] Nathan Evans then sued Nokes in

1

state court, along with several other individuals and state agencies, for injuries Evans allegedly suffered while under Nokes' foster care. [DE 30-1.] On October 24, 2008, State Farm filed this action against all the parties in the state court action seeking a declaratory judgment that it owes no duties or obligations under Nokes' policy in the event there is any recovery against Nokes in that case. [DE 1 (Compl.).]

On January 5, 2009, Magistrate Judge Paul Cherry granted State Farm leave to amend its complaint and instructed State Farm to perfect service of the Amended Complaint on every party in accordance with Federal Rule of Civil Procedure 5(a)(1)(B). [DE 29.] Of the eleven defendants named in the Amended Complaint, only four defendants—Donald Nokes, Jr., Patricia Ann Nokes, Steven Davis, and Nathan Evans—filed answers. [DE 32, 33, and 38.] State Farm filed its first Motion for Default Judgment on April 6, 2009 [DE 34] against the following defaulting Defendants: Porter County Department of Family and Children, Starke County Department of Family and Children, Janet Carlson, Jade Palin, Kathleen Hannon, Brandon Phelps, and the State of Indiana. The Court denied that motion by its Order of June 2, 2009 [DE 39] because State Farm had failed to serve the Amended Complaint upon those Defendants and because the clerk had yet to enter default.

State Farm has since served the Amended Complaint upon Porter County Department of Family and Children, Janet Carlson, Jade Palin, Kathleen Hannon, Brandon Phelps [DE 41], the State of Indiana [DE 43], and Starke County Department of Family and Children [DE 56]. Answers were due from said Defendants on July 8, 2009 [DE 41]; July 14, 2009 [DE 43]; and July 22, 2009 [DE 56], respectively.

The due date for those answers being well past due and no answers being filed, State

Farm filed its Second Motion for Default against those seven above-named Defendants on September 1, 2009. [DE 57.] On January 19, 2010, the Clerk of Court entered default against those seven Defendants. [DE 81.]

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n. 4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Such entry is "recognition of the fact that a party is in default for a failure to comply with the rules." *Hill*, 787 F. Supp. at 148 n. 4 (citation omitted).

After the clerk enters default, Rule 55(b) gives the Court the power to enter default judgment, though the Court must exercise sound judicial discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The Court may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

There is no question that the seven above-mentioned Defendants have failed to respond to State Farm's Amended Complaint. And because the Clerk has entered default [DE 81] against

3

those seven Defendants, State Farm's motion for default judgment is procedurally ripe. But four of the Defendants named in State Farm's Amended Complaint—Donald Nokes, Jr., Patricia Ann Nokes, Steven Davis, and Nathan Evans—have filed answers [DE 32, 33, and 38] and seek to contest the declaratory judgment on the merits.

In situations like this, "[c]ourts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper." *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806 (7th Cir. 1987); *see also Frow v. De la Vega*, 82 U.S. 552 (1872); *In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir. 1980)). Seventh Circuit courts have narrowly construed this notion and apply it only where the "theory of recovery is one of joint liability or when the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Jackson*, 736 F. Supp. at 961 (citing *Pate*, 819 F.2d at 812); *see also Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."); *American Standard Ins. Co. of Wi. v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000) ("In a declaratory judgment case of this kind, we would normally take the plaintiff-insurer's motion to enter a default judgment against the defendant insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits.")

For example, in *Jackson*, an insurance company, State Farm, sought a declaratory judgment that it had no duty to the policyholder Jackson for any judgments rendered against him

in a pending lawsuit concerning an automobile accident. 736 F. Supp. at 959. Jackson defaulted by failing to answer the insurance company's complaint. The other defendants named in the insurance company's declaratory judgment action did file answers. *Id*. In vacating the default judgment against Jackson, the court reasoned that a default could result in "logically inconsistent judgments" and was therefore not appropriate. The court reasoned:

> [I]f Ms. Grunden and Amerisure prevail on the merits, there will be a ruling that State Farm has a duty to indemnify Mr. Jackson and, therefore, is liable for the judgment rendered against Mr. Jackson in state court. On the other hand, with regard to Mr. Jackson, the default judgment has the effect of declaring that State Farm holds no legal duty to Mr. Jackson pursuant to the insurance policy. Clearly, such results would be illogical.

*Id*. at 961.

Such is the case here. Of the eleven Defendants named in State Farm's Amended Complaint, seven have failed to respond and four have filed answers. Those four Defendants seek to resolve the declaratory judgment on the merits. If they are successful, the judgment will state that State Farm has a duty to indemnify the policyholder Donald Nokes and is liable for a judgment rendered against him. But a default judgment against the defaulting Defendants would find that State Farm has no duty to indemnify Nokes under the same insurance policy. The possibility of such inconsistency weighs against granting State Farm's default motion, at least at this point.

I am mindful of the Seventh Circuit instructions to explain its reasons for vacating or denying default judgments against non-answering parties. *See Marshall*, 819 F.2d at 812 (*citing In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir. 1980). Here, State Farm's Second Motion for Default Judgment is denied to avoid logically inconsistent adjudications, an outcome viewed by the courts as a valid justification to deny default judgment. *See id*.; *In re Uranium*,

617 F.2d at 1257.  Also, prejudice to State Farm is minimal.  There is no added delay, as State Farm must still see the case to completion against the non-defaulting Defendants.  Moreover, this decision does not upset the clerk's entry of default against the seven defaulting Defendants, and the defaulting Defendants do not regain standing nor can they adduce evidence on their own behalf or defend themselves at trial.  *See Frow*, 82 U.S. at 554; *Jackson*, 736 F. Supp. at 961.

## CONCLUSION

Therefore, State Farm's Second Motion For Default Judgment is **DENIED** with leave to re-file after judgment is reached with regard to the surviving Defendants.  [DE 57.]

**SO ORDERED.**

Entered: February 23, 2010

    s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT